■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD KING, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered May 20, 1983, upon a verdict convicting defendant of the crime of grand larceny in the second degree.

Defendant was indicted and tried for the crime of grand larceny in the second degree in that he allegedly stole $3,600 from the American Road Insurance Company. The People offered proof that defendant, as the owner of a Lincoln-Mercury automobile dealership in the Town of Plattsburgh, Clinton County, directed an employee to remove seats, an AM/FM radio and hubcaps from a new 1979 Lincoln automobile and hide them on the premises as a prelude to filing a false report to the State Police that the items had been stolen and a false claim with the dealership's insurer. Thereafter, the insurer issued a check payable to the dealership for a sum in excess of $3,600.

The People's proof consisted of the testimony of Donald Le Clair, defendant's service manager, that he had been directed by defendant to remove the seats from the new vehicle and that he had complied. Le Clair further testified that he had been assisted by a fellow employee, Ray Martin, and defendant's son. Martin testified that he and defendant's son had carried the seats "upstairs". Defendant testified on his own behalf and

stated that he learned of the theft after it had occurred. He also denied that he had issued any instructions for the removal of any items from the 1979 Lincoln automobile. Defendant's son was not called as a witness. The jury returned a verdict of guilty as charged, and this appeal by defendant ensued.

Defendant urges as reversible error that the District Attorney in summation made reference to records of the Ford Motor Company that were not received in evidence, and, further, improperly commented on the failure of the defense to call a certain witness, to wit, defendant's son. Defendant also claims that the prosecution failed to sustain its burden of proof with respect to an essential element of the crime charged.

With respect to the alleged improper comments by the prosecution during summation, we note that defendant did not preserve the issue for appeal by making appropriate objection. While this court is not precluded as a matter of discretion in the interest of justice from reviewing alleged errors in the absence of timely objection or exception, we perceive no reason to do so in this case. Such discretion will be exercised only where error is so egregious that it deprives defendant of a fair trial (see *People v Fragale,* 60 AD2d 972). Here, a claim representative of American Road Insurance Company, a division of Ford Motor Company and the dealership's insurer, identified records kept by the insurer in its regular course of business. They were (1) a loss report of damages to a 1979 Lincoln Mark IV automobile, (2) an estimate of the damage to said vehicle, (3) an estimate of the cost of repairs, (4) a claim settlement report executed by defendant's dealership and its insurer for the alleged loss, and (5) a copy of the canceled check issued to defendant's dealership by American Road Insurance Company paying the alleged loss in the amount of $3,621.05. In light of this documentary proof, defendant's contention that the prosecution's reference to records not in evidence deprived him of a fair trial is without merit. We also hold that the prosecutor's comment on defendant's failure to call his son as a witness does not justify reversal. Since defendant testified that his son was in school in Michigan at the time of trial, it was fair for the District Attorney to ask why the son, presumably under the father's control, was not called to substantiate defendant's position.

While the case comes to us by way of an appeal from the judgment of conviction, it also brings up for review the order denying defendant's motion to set aside the verdict pursuant to CPL 330.30. We also affirm that order. The CPL 330.30 motion was made on May 11, 1983, one month after the jury was discharged. Where, as here, it is no longer possible to remedy a

defect, if any, by resubmission to the jury for reconsideration of its verdict, an objection is waived. A protest must be registered prior to the discharge of the jury to be preserved for review (see *People v Satloff,* 56 NY2d 745) unless the protest consists of jury tampering or newly discovered evidence, issues not raised herein.

Lastly, we hold that defendant's contention that the documentary evidence recited above was received without a proper foundation (see CPLR 4518) having been laid is meritless. Defendant testified that the loss estimates were made at his direction and that the proceeds of the check issued by the insurer were deposited to the account of King Lincoln-Mercury, defendant's automobile dealership.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.