■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD D. NEER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered June 29, 1984, upon a verdict convicting defendant of the crimes of criminally negligent homicide and endangering the welfare of a child.

On October 30, 1983, four-year-old Monica Neer was found dead in her parents' home in Broome County. The child's body was covered with contusions, lacerations and scars. An autopsy revealed injuries to her vaginal and anal areas. An analysis of these injuries revealed that they occurred at differing times, with the most recent occurring within 24 to 48 hours. Numerous internal injuries were also discovered, including contusions of the superficial portions of the brain. The Medical Examiner concluded that the child died as a result of multiple internal and external injuries and an excessive loss of blood.

Defendant, the child's father, was subsequently indicted on charges of manslaughter in the first degree, criminally negligent homicide and endangering the welfare of a child.* Following a jury trial, he was found not guilty of manslaughter in the first degree and the lesser included offense of manslaughter in the second degree. Defendant was, however, convicted of criminally negligent homicide and endangering the welfare of a child. He received an indeterminate prison sentence of 1⅓ to 4 years on the criminally negligent homicide conviction and a definite term of one year for endangering the welfare of a child. This appeal ensued.

Defendant contends that since the indictment on the charge of criminally negligent homicide alleged that the acts constituting that crime occurred between October 1, 1983 and October 30, 1983, it was error for County Court to allow evidence of injuries sustained by the child prior to that time. Initially, we note that defendant failed to properly preserve the issue for appeal by making an appropriate objection at the time the evidence was offered *(see,* CPL 470.05 [2]; *People v Donovan,* 59 NY2d 834, 836). However, even if we were to overlook defendant's omission and consider his argument in the interest of justice *(see,* CPL 470.15 [6] [a]; *People v King,* 105 AD2d 1015, 1016; *People v Winslow,* 51 AD2d 824, 826), we would find it meritless. In a case such as this, where the alleged crime occurred in the privacy of the home and the facts are not easily unraveled, evidence of prior injuries is

* The child's mother was charged and prosecuted separately.

relevant in establishing that the child's injuries were not accidental *(People v Henson,* 33 NY2d 63, 72; *People v Kinder,* 75 AD2d 34, 46; *People v Caprio,* 47 AD2d 1, 3).

Defendant next contends that County Court erred in not allowing him to introduce testimony of a purported expert through which defendant hoped to establish that he did not fit the profile of a typical child batterer. The admission of expert testimony is addressed to the discretion of the trial court *(People v Keindl,* 68 NY2d 410, 422; *People v Bowers,* 126 AD2d 897). In making the determination whether to allow expert testimony, the court considers, *inter alia,* whether the expert has specialized knowledge which will benefit the jurors *(People v Cronin,* 60 NY2d 430, 433). Here, defendant's expert, Michael Baden, was a forensic pathologist and former Medical Examiner whose purported expertise on the profile of battering parents was gleaned from his investigations of battered children. Even assuming that Baden could be qualified as an expert on the profile of a typical child batterer, we are unconvinced that it was an abuse of discretion for County Court to determine that the issue of whether defendant could have committed the alleged criminal acts or omissions was more properly left to the jury's ordinary training and intelligence.

Finally, defendant argues that the evidence was insufficient to support his conviction. Viewing the evidence in the light most favorable to the prosecution, as we must *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we conclude that there was sufficient evidence to support the conviction. The testimony of the Medical Examiner who performed the autopsy on the victim, together with the numerous photographs admitted into evidence, provided sufficient evidence for the jury to conclude that defendant could have realized the seriousness of the child's condition. Furthermore, many of the injuries were readily apparent; thus, defendant's argument that the injuries were not visible because they were covered by clothing is unavailing. While conflicting evidence was submitted as to some elements of the charged crimes, it must be assumed that the jury credited the prosecution's witnesses *(see, People v Kennedy,* 47 NY2d 196, 203). We conclude that there was sufficient evidence to uphold the jury's decision.

Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.