■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD KINCEY, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J.), rendered January 20, 1989, by which defendant was convicted, after a jury trial, of assault in the first degree and sentenced to an indeterminate term of 4 to 12 years in prison, unanimously reversed on the law, and a new trial ordered.

Police officers observed the defendant with a knife in his hand, chasing the victim and trying to stab him. The victim, apparently responding to the officers' command to halt, stopped and raised his hands above his head, whereupon the defendant then stabbed the victim in the chest, plunging the knife blade into the victim up to the hilt. At trial, after sustaining an objection by defense counsel as to the form of the questioning, the court allowed one of the victim's treating physicians to testify that he had treated over 1,000 stab wounds and, that the depth of the victim's wound indicated that the injury "was inflicted *with intent* to harm or kill the victim." (Emphasis supplied.) The doctor was not formally qualified in court as either a forensic pathologist or a medical expert on the subject of stab wounds. In fact on cross-examination the doctor acknowledged that he was not a forensic

pathologist and had no training in the area of forensic pathology. While the court charged the jury generally on the subject of evaluating the credibility of witnesses it did not charge the jury concerning the evaluation of expert testimony. During deliberation the jury requested the court to clarify the instructions concerning the meaning of intent, and to relate intent to the charges.

The admissibility of expert testimony is generally a matter within the discretion of the trial court. *(Selkowitz v County of Nassau,* 45 NY2d 97, 102.) Such evidence is properly admitted when it would help to clarify an issue calling for professional or technical knowledge possessed by the expert which is beyond the knowledge of the typical juror. *(De Long v County of Erie,* 60 NY2d 296, 307; *People v Cronin,* 60 NY2d 430, 432.) However, where there is no doubt that the jury is capable of comprehending the issues and evaluating the evidence, expert testimony which intrudes upon the province of the jury is both unnecessary and improper. *(Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 148.) Here the doctor who testified was not qualified as an expert in forensic pathology, nor did he have any training in that area. It was highly improper and prejudicial to allow him to testify concerning the defendant's intent. Whether or not defendant intended to seriously injure or kill the victim was the central issue in this case and was for the jury to determine on the basis of the eyewitness testimony and physical evidence. The "opinion" offered by the doctor concerning defendant's intent was an error. Moreover, the court failed to diminish the detrimental effect of that testimony during its charge to the jury. Since the improper testimony concerned the ultimate issue in the case it cannot be said that there is no significant probability that the jury would have reached a different result without the error. Thus the error cannot be viewed as harmless under the circumstances. *(See, People v Johnson,* 57 NY2d 969, 970.) Concur—Murphy, P. J., Ross, Ellerin and Rubin, JJ.