■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REUBEN ROWE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered December 19, 1986, convicting him of murder in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

On April 3, 1986, the police observed the defendant sitting in an automobile, previously identified by make and license plate number as belonging to Jose Alfaro. Alfaro had been reported missing by his daughter two days earlier. The officers were aware that Alfaro had failed to report for work for two days, that he had failed to pick up a paycheck, and that his daughter had reported observing people she did not recognize driving his car. As the police approached the vehicle, the defendant exited. When the police told him to "hold it a second", he unsuccessfully attempted to flee. The blade of a screwdriver was protruding from the defendant's front pants pocket and an immediate frisk produced two screwdrivers and a knife which ultimately proved to belong to Alfaro. No ownership documentation for the vehicle was produced and the defendant was taken to the police station. After being

advised of his *Miranda* rights, he claimed that he had bought the car from someone named "Charles". The defendant was issued summonses charging him with certain violations of the Vehicle and Traffic Law and then released.

The defendant was rearrested nine days later, on April 12, 1986, after Alfaro's body was found near the apartment of the defendant's long-time female companion. The defendant was again advised of his *Miranda* rights and he again repeated that he purchased Alfaro's car from Charles. However, when he was told that he had been seen driving Alfaro's vehicle several hours before he claimed to have purchased it, the defendant confessed to the police that he had killed Alfaro with a hammer on March 30, 1986, upon finding him in the bedroom with his long-time female companion. The defendant was charged, *inter alia,* with murder in the second degree. At trial, the defendant contended that he was laboring under extreme emotional disturbance at the time of the killing *(see,* Penal Law § 125.25 [1] [a]).

Contrary to the defendant's contention, we conclude that denial of that branch of his omnibus motion which was for suppression of physical evidence seized during his encounter with the police on April 3, 1986, was proper. The police possessed grounds to stop the defendant and to make inquiry of him *(see,* CPL 140.50; *People v De Bour,* 40 NY2d 210) and his flight justified his temporary detention for the purposes of further inquiry *(see, People v Leung,* 68 NY2d 734, 736; *People v Chapman,* 103 AD2d 494, 497). Moreover, the police officer's self-protective pat-down search for weapons was warranted under the circumstances *(cf.,* CPL 140.50; *see also, Terry v Ohio,* 392 US 1). In any event, any error in admitting into evidence the statement made by the defendant on April 3, 1986, was rendered harmless by his repetition of that statement to the police, prior to his admission of guilt, when he was rearrested nine days later *(cf., Chapman v California,* 386 US 18; *People v Chapple,* 38 NY2d 112).

We also find that the trial court properly precluded the defense counsel from eliciting the defendant's psychiatric expert's opinion as to whether the defendant was capable of forming the intent to kill on the date of the crime. Whether the defendant intended to kill the victim was a question solely within the province of the jury *(cf., People v Cronin,* 60 NY2d 430). To the extent that it was relevant, the expert was permitted to testify at length concerning the defendant's emotional state *(see,* Penal Law § 125.25 [1] [a]) at the time of the crime *(see, People v De Sarno,* 121 AD2d 651). Addition-

ally, the court's charge on reasonable doubt, which included the phrase "sound reason", conveyed to the jury the distinction between reasonable doubt and a vague or imaginary doubt and was not improper *(see, People v Malloy,* 55 NY2d 296, 303, *cert denied* 459 US 847; *People v Jones,* 27 NY2d 222, 227; *People v Baucom,* 154 AD2d 688).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.