■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP ROBINSON, Appellant. [594 NYS2d 801] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered April 6, 1990, convicting him of assault in the first degree (two counts) and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and are determined to have been established.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The case was compromised by significant trial errors, the majority of which have not been preserved for appellate review. However, we feel compelled, under the circumstances of this case, to address these errors in the exercise of our interest of justice jurisdiction *(see, People v Ortiz,* 125 AD2d 502; *People v Hamilton,* 121 AD2d 176). We reverse and order a new trial.

Beginning with the opening statement, the prosecutor engaged in a series of improper remarks and tactics that continued through the trial and summation. A number of the court's efforts at curative or limiting instructions were either inadequate or were overridden by the prosecutor's continued comments and persistence.

The court acted properly in admitting evidence concerning

the defendant's prior physical abuse of the complainant as relevant on the issue of the defendant's intent with respect to the crimes charged *(see, People v Carver,* 183 AD2d 907; *People v Wright,* 167 AD2d 959; *People v Willsey,* 148 AD2d 764; *People v Castrechino,* 134 AD2d 877), especially in view of the defendant's position at the trial that he had struck the complainant by accident *(see, People v Allweiss,* 48 NY2d 40, 47; *People v DeLeon,* 135 AD2d 555). However, the trial court's failure to deliver any limiting instructions with regard to this evidence indicates that the jury may have considered it as proof of the defendant's general criminal disposition to violence *(see, People v Guzman,* 146 AD2d 799; *People v Bolling,* 120 AD2d 601). The failure was compounded by the prosecutor's summation argument that the main probative value of the evidence in question was that it constituted proof of the defendant's general violent disposition.

While questioning the arresting officer, the prosecutor deliberately elicited testimony concerning the defendant's postarrest silence, and despite the court's ruling, made a point of stressing this testimony in summation. The tactic was clearly improper. We note that the defendant's postarrest silence had been the subject of a curative instruction in response to the prosecutor's comments during his opening statement *(see, People v Conyers,* 49 NY2d 174, 177; *People v Von Werne,* 41 NY2d 584, 587-588; *People v De George,* 73 NY2d 614). Under the facts of this case, it cannot be deemed harmless *(see, People v Crimmins,* 36 NY2d 230, 237).

In answer to the prosecutor's question, the People's medical expert was permitted to testify that in her opinion, the injury to the complainant's eye could not possibly have resulted from, in the prosecutor's words, "an accidental poke in the eye". This characterization, however, distorted the issue. The defendant did not claim that he merely poked the complainant by accident. He stated that he struck her "pretty hard," although unintentionally. Since the degree of injury inflicted by the defendant's action had no relation to the motive behind it, the question, as posed, was improper *(see, People v Robinson,* 174 AD2d 998). Whether the defendant intended or did not intend to strike a concededly forceful blow to the complainant was an ultimate issue of fact which did not involve professional knowledge outside the range of ordinary training or intelligence *(see, Selkowitz v County of Nassau,* 45 NY2d 97, 101-102; *see also, People v Cronin,* 60 NY2d 430; *Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 147-148). On the contrary, there is no doubt that in this case the jury was fully

capable of comprehending the issues and evaluating the evidence as it related to the defendant's intent *(see, People v Rowe,* 172 AD2d 701; *People v Kincey,* 168 AD2d 231). The prejudicial effect of this testimony was compounded by the prosecutor in his closing argument when he again mischaracterized the issue.

Besides those remarks already noted, additional improper and prejudicial remarks by the prosecutor, especially in closing argument, contributed to the unfairness of the defendant's trial. Among these remarks were references to the defense counsel's closing statement as a "con job", warnings that the defendant would attempt to "dupe" the jury, repeated vouching for the complainant's truthfulness, and derisive comments concerning the defendant's right to remain silent and the presumption of innocence.

We note that the trial court did not err in refusing to permit juror note-taking during its charge to the jury *(see, People v Stewart,* 179 AD2d 731).

In view of the foregoing, we need not reach the defendant's remaining contentions. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.