■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARYLD D. McDANIEL, Appellant. [630 NYS2d 112] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 27, 1994, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On August 13, 1993, Dale Fair, an undercover narcotics investigator with the State Police, along with two other State Police officers, spent the afternoon driving around the City of Binghamton in Broome County looking to make contact with individuals selling drugs on the street. Thomas Eggleston and Kevin Moriarty, two police officers with the Binghamton Police Department, followed them acting as backup. Fair's vehicle was flagged down by an individual and Fair pulled over and got out while the other two officers remained inside. As Fair and the individual stood talking on the sidewalk, Eggleston and Moriarty drove by. According to these officers, the individual was defendant whom they recognized from encounters in the past. A drug purchase was negotiated and Fair was led to the rear of a building by the individual, who sold him a $20 packet of what was later identified as cocaine. Fair then went back to his vehicle and transmitted a description of the individual to Eggleston and Moriarty. Defendant was subsequently arrested and charged with criminal sale of a controlled substance in the third degree. The matter proceeded to trial, after which the jury returned a verdict of guilty. Defendant was then sentenced as a second felony offender to an indeterminate prison term of $4^1/2$ to 9 years. He appeals.

Initially, we find no merit to defendant's argument that the evidence was legally insufficient to satisfy the elements of his conviction. Defendant claims that because Fair did not directly identify him as the seller at the trial and because Fair was in the best position to see the seller, such a lack of identification could lead only to the inference that defendant was not the seller. However, it was not Fair who identified defendant. Fair testified only as to the sequence of events; it was Eggleston and Moriarty who identified defendant as the seller. As local police officers familiar with the area, they were acting as backup

specifically for the purpose of identifying anyone with whom Fair came into contact. Fair was not familiar with the area. Fair testified that he exited his vehicle and stood on the sidewalk talking to the seller. Eggleston and Moriarty both testified that it was defendant that Fair was conversing with and that they recognized defendant from prior personal contact. Fair testified that he and the seller walked behind a building and Eggleston and Moriarty testified that it was defendant who walked behind the building with Fair. Fair also testified that the sale occurred behind the building and that the seller was the same individual who walked to the rear of the building with him. In addition, Fair's description of the seller matched the description of the individual identified by Eggleston and Moriarty as defendant. Given this evidence, we conclude that there was a valid line of reasoning which could lead the jury to its conclusion that defendant was guilty as charged (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Wright*, 214 AD2d 759, 761). There is also no basis to disturb the jury verdict as against the weight of the evidence (*see, supra*).

Defendant next argues that County Court committed reversible error in permitting Eggleston and Moriarty to testify as to the description of the seller as radioed to them by Fair. Defendant, however, waived his right to appellate review of this issue by failing to make an appropriate objection at the trial (*see, People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906). In addition, we find that the alleged error was not so compelling as to warrant a reversal in the interest of justice (*see, supra*). Defendant argues that Eggleston's and Moriarty's testimony was hearsay and constituted improper bolstering of Fair's testimony. Fair, however, never identified defendant as the seller; it was Eggleston and Moriarty who identified defendant. Their testimony confirming Fair's description, therefore, did not constitute improper bolstering. Defendant's argument "fails to take into consideration the difference between bolstering an actual identification and explaining the basis from which one's own identification derived" (*People v Sydney*, 195 AD2d 763, 765). Given these facts, it cannot be said that defendant was deprived of a fair trial (*see generally, People v King*, 105 AD2d 1015).

Nor do we accept defendant's claim that County Court erred in failing to give the jury his requested instruction on the professed unreliability of cross-racial identification. Such an instruction is not normally required (*see, People v Jenkins*, 166 AD2d 237, *lv denied* 76 NY2d 1022). Furthermore, the "court's

general instructions, as a whole, conveyed the appropriate applicable legal principles" (*supra*, at 238; *see, People v Whalen*, 59 NY2d 273, 279).

An examination of defendant's remaining arguments reveals a lack of merit and, accordingly, they have been rejected.

Mikoll, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.