■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. RYAN, Appellant. [645 NYS2d 133] —Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 9, 1995, upon a verdict convicting defendant of the crimes of assault in the first degree and leaving the scene of an incident without reporting.

The underlying convictions stem from defendant's involvement in a hit-and-run accident occurring on November 23, 1993 in the City of Albany. As the victim was standing at the driver's side window of a police car attempting to report an automobile accident, she was struck by defendant's vehicle. Defendant's car continued past the scene, stopped for approximately 10 to 15 seconds and then left. This incident was observed by Peter Cook, whose vehicle was traveling in the same direction. Cook's vehicle and defendant's vehicle thereafter proceeded side-by-side for a distance of approximately 300 feet, at which time defendant stopped and Cook drove on.

The following day, in response to a public request for information from witnesses to the accident, Cook advised the police that he had witnessed the hit-and-run accident and that the driver looked like Ted Knight, a television actor. An investigating officer thereafter visited the victim in the hospital and asked her if she knew anyone who resembled Ted Knight. The victim advised the officer that her ex-boyfriend fit that description. Cook was later shown a photo array from which he identified defendant who was, in fact, the ex-boyfriend of the victim. After trial and conviction of the crimes of assault in the first

degree and leaving the scene of an incident without reporting, defendant was sentenced to consecutive terms of imprisonment of 5 to 15 years and $1^1/_3$ to 4 years. He now appeals.

On this appeal, the People contend that the record should be stricken since it improperly includes the Grand Jury minutes. We disagree. As part of the prior proceedings in this case, it is clear that the minutes are properly a part of this record (*see, People v Nusbaum*, 222 AD2d 723, 725). As to matters outside of the record, we agree that they can only be considered by way of a motion made to vacate the conviction pursuant to CPL 440.10 (*see, People v Garcia*, 187 AD2d 868, *lv denied* 81 NY2d 885; *People v Garner*, 99 AD2d 596). Thus, we will not consider the *Rosario* material which defendant alleges that his counsel failed to use to impeach prosecution witnesses.

As to defendant's contention that the verdict was against the weight of the evidence and was not supported by legally sufficient evidence, we find no merit. When viewing the evidence in a light most favorable to the People, it is clear that it is legally sufficient to support defendant's conviction (*see, People v Bleakley*, 69 NY2d 490). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see, People v Carthrens*, 171 AD2d 387). The testimony of the victim and others established defendant's motive and, on the key issue of identity, Cook provided eyewitness testimony. Although defendant contended that he was with others at the time, no testimonial or documentary evidence was proffered to support this contention.

As to the numerous evidentiary errors which defendant alleges deprived him of a fair trial, we find that because most were not objected to, they are unpreserved for review (*see, People v Longo*, 182 AD2d 1019, *lv denied* 80 NY2d 906). We further find no basis in this record which would warrant exercise of our power of review in the interest of justice (*see, People v King*, 105 AD2d 1015; *People v Longo, supra*). Concerning objections to the testimony of Debra Macejka and Robert Allardyce, however, we find that even if portions are found to be irrelevant or inadmissible on hearsay grounds, such errors are harmless in light of the overwhelming evidence indicating defendant's guilt (*see, People v Crimmins*, 36 NY2d 230).

We further find no error in the denial of defendant's request for a recess in order to produce purported alibi witnesses. Defendant did not advise the People or County Court that he intended to call alibi witnesses. Despite the fact that one of the proposed witnesses was present in the courtroom earlier on the

same day when defendant himself testified, defendant apparently chose not to place such witness on the stand. According to the Court of Appeals, "when the witness is identified to the court, and is to be found within the jurisdiction, a request for a short adjournment after a showing of some diligence and good faith should not be denied merely because of possible inconvenience to the court or others" (*People v Foy*, 32 NY2d 473, 478). While we find that the witnesses were later identified to the court when the adjournment was requested and that defendant had represented that they were within the jurisdiction, we must conclude that defendant failed to show a sufficient indicia of good faith and diligence (*see, People v McQuilkin*, 213 AD2d 680, *lv denied* 85 NY2d 977) for us to find County Court to have abused its discretion.

Similarly unavailing is defendant's claim of ineffective assistance. Based upon the precepts detailed in *People v Baldi* (54 NY2d 137, 147), we find that since counsel appeared at pretrial hearings, made an opening statement, engaged in extensive cross-examination of prosecution witnesses and presented an impressive summation, "meaningful representation" was provided (*see, supra*). Moreover, in light of defendant's insistence that he could present cogent alibi witnesses, his counsel was left to the strategy, although unsuccessful, of raising reasonable doubt on the issue of identity. We cannot conclude, under these facts, that his alleged failure to seek a *Wade* hearing constituted a valid basis for a claim of ineffective assistance (*see, People v Rivera*, 71 NY2d 705; *People v Vann*, 216 AD2d 599, *lvs denied* 86 NY2d 875, 87 NY2d 926).

Finally, as to all alleged errors concerning County Court's charge to the jury which included, *inter alia*, a failure to charge on the alibi defense, we do not find them properly preserved for review. Were we to consider them, we would find no basis to disturb the judgment (*see, People v Warren*, 76 NY2d 773; *People v Spruill*, 103 AD2d 785).

We have assessed defendant's remaining contentions, including that alleging excessive sentence, and find them meritless.

Cardona, P. J., White and Casey, JJ., concur.

Crew III, J. (dissenting). Although I concur in the balance of the majority's decision, I respectfully dissent on the issue of ineffective assistance of counsel. While it is true that counsel appeared at pretrial hearings, made an opening statement, engaged in extensive cross-examination of prosecution witnesses and made a summation, I am of the view that his trial advocacy substantially undermined defendant's case and cannot be ascribed to the employment of any legitimate trial

tactics, thereby depriving defendant of the "meaningful representation" of counsel to which he is constitutionally entitled (*see, e.g., People v Baldi,* 54 NY2d 137, 147).

Counsel's first error, and arguably the most egregious, was his failure to seek a *Wade* hearing. The sole person connecting defendant to the crime was Peter Cook, whose only occasion to observe defendant was from a moving vehicle over a period of four to five seconds. Additionally, review of the Grand Jury minutes indicates that Cook's initial photographic identification was tentative and that there was conversation between Cook and the police officer conducting the identification concerning defendant's photograph. Given that and the fact that defendant's case involved a misidentification defense, the need for judicial scrutiny of the circumstances surrounding the photographic array is self-evident, and I can conceive of no legitimate tactical reason for failing to request a hearing (*see, People v Echavarria,* 167 AD2d 138, 139).

Further, during the course of examining the investigating officer, the prosecutor purportedly qualified him as an "expert" and, without objection, elicited testimony from him that the driver of the car that struck the victim was not intoxicated and knew exactly what he was doing, at one point stating, "[a]lmost like a very good driver that knew exactly how he wanted to do that". In essence, by failing to object, counsel permitted the investigating officer to render his opinion that defendant intended to strike the victim, which was clearly improper (*see, People v Robinson,* 191 AD2d 595, 596-597; *People v Kincey,* 168 AD2d 231, 231-232, *lv denied* 78 NY2d 955).

Additionally, Cook was permitted to testify, without objection, as follows:

"Q And have you, on occasion, seen vehicles which appeared to be out of control?

"A Sure.

"Q And have you seen—in the time you have been driving—vehicles appear to make maneuvers which were deliberate?

"A Yes.

"Q Based on your observation of the maneuver that [defendant's vehicle] made at this point in time on Madison Avenue tell the jury whether or not, in your observation, it appeared to be an out-of-control maneuver?

"A No, it wasn't an out-of-control maneuver."

Taking these questions together, Cook was improperly permitted to imply to the jury that the maneuver of the vehicle was deliberate and intentional. The prejudicial effect of this

testimony was compounded by the prosecutor in her closing argument when, again without objection, she mischaracterized Cook's testimony by stating that he had testified from the beginning that defendant's actions were intentional and that Cook was the kind of person who would not say "[it] was an intentional act * * * unless he was absolutely sure" (*see*, *People v Robinson*, *supra*, at 597).

Based upon these and other errors, I am of the view that defendant did not receive meaningful representation and, as such, is entitled to reversal of his conviction and a new trial. Ordered that the judgment is affirmed.