OPINION OF THE COURT
Wachtler, J.
In this negligence action arising out of an automobile collision during a high-speed police chase, a jury found the defendant county liable for injuries sustained by the plainitff bystanders after hearing expert testimony on the propriety of using a police vehicle as a partial or complete roadblock. The admissibility of the expert’s opinion evidence is the critical issue on this appeal by the county.
According to the trial testimony of Patrolman Donley of the Nassau County Police Department, while on motor patrol duty shortly before 3:00 a.m. on May 7, 1972, he received a radio call for assistance in intercepting and stopping a stolen Lincoln sedan. The Lincoln’s 14-year-old driver had turned off the parkway and was being pursued at high rates of speed by a State Parkway Police vehicle.
A second radio message advised Patrolman Donley that the State Police were then in pursuit southbound on Grand Avenue, a four-lane undivided thoroughfare with a parking lane *100 and sidewalks on either side. By the time he received a third radio report, Donley was heading northbound on Grand Avenue just south of an intersection with North William Street.
Three cars occupying Grand Avenue’s southbound lanes were stopped behind a red traffic signal at that intersection. The plaintiffs were passengers in one of those cars, a Volkswagen stopped in the lane nearest the center of the road. Another car was behind the Volkswagen and a third was alongside in the right southbound lane. The parking lanes on both sides of Grand Avenue were unobstructed.
As Patrolman Donley approached the intersection from the opposite direction, he observed the Lincoln closing in at a distance of approximiately 500 feet and a speed of some 70 to 80 miles per hour. He testified that just after crossing North William Street he had pulled over to the parking lane against the curb on the northbound side, intending to make a U-turn and assist in the chase after pursuer and pursued had passed.
According to the plaintiffs’ testimony, however, the police vehicle was in fact positioned slantwise across the northbound lanes adjacent to the Volkswagen blocking the traveled portion of Grand Avenue completely and causing the driver of the stolen Lincoln to suddenly apply his brakes, skid sideways and collide without any warning into the rear of the three cars still stopped at the traffic light. Both plaintiffs were severely injured.
After presenting their version of the accident to the jury, the plaintiffs called former Police Captain John McCaffrey as a purported expert witness on emergency traffic procedures. As a 26-year veteran of traffic control management and a former Senior Police Examiner for the State of New York with 11 years’ experience as an instructor and consultant for various police departments, the witness’ qualifications as an expert were found by the trial court to be beyond objection. He was therefore permitted to testify, again over the defendant’s objection, that in his opinion it would be neither proper nor accepted police practice to place an emergency vehicle across the northbound lanes under the circumstances described on direct examination. The witness based his opinion on a single premise: the first concern of a policeman driving an authorized emergency vehicle is for the complete safety of the public and he should therefore at no time jeopardize anyone using a public highway by placing his vehicle in a position which might create a dangerous condition.
*101 On cross-examination Mr. McCaffrey was asked whether it would not be proper police practice to have stopped the emergency vehicle in the parking lane next to the curb some 10 to 15 feet north of the three cars stopped at the traffic light on the opposite side of the road. The witness answered that this would create a partial roadblock endangering the three stopped cars since the open parking lane would otherwise be considered by the fleeing driver of the Lincoln as part of the roadway available for escape. The proper police practice in his opinion would have been to pull off the highway at the intersection or any driveway, report his position, and join in the pursuit only after the speeding vehicles had safely passed the three jeopardized cars.
The trial court charged the jury on negligence generally and then sought to relate the trial testimony to the law, including relevant portions of the Vehicle and Traffic Law dealing with authorized emergency vehicles and the traditional guidelines for determining the weight, if any, to be accorded an expert’s testimony. Specifically the jury was instructed that the expert’s opinion should be entitled to no greater weight than his qualifications and over-all credibility were found to warrant; his testimony was admitted solely to assist the jury in determining the appropriate standard of care for a police vehicle in an emergency situation, but not to provide any ready-made answer or to otherwise control the judgment of the jury. A verdict in favor of the plaintiffs was returned on the issue of liability.
The defendant on this appeal argues that the trial court’s failure to properly instruct the jury on the law to be applied in emergency situations, coupled with the license afforded to the expert’s testimony, in effect gave the jury no choice but to find the county negligent.
We agree with the majority at the Appellate Division that the main issue at trial was essentially one of credibility and that both sides of the case were fairly presented to the jury. In addition, precisely because there is no particularized "emergency law” or specific set of established or even informal rules and regulations detailing the proper role for police vehicles in each unique highway emergency, the testimony of an experienced professional in these matters could only have assisted rather than prejudiced the jury.
Whether or not expert testimony is admissible on a particular point is a mixed question of law and fact addressed *102 primarily to the discretion of the trial court. As a general rule the expert should be permitted to offer an opinion on an issue which involves "professional or scientific knowledge or skill not within the range of ordinary training or intelligence” (Dougherty v Milliken, 163 NY 527, 533). For that reason expert testimony has been held to be admissible not only to explain highly technical medical or surgical questions (e.g., Meiselman v Crown Hgts. Hosp., 285 NY 389), but has also been found appropriate to clarify a wide range of issues calling for the application of accepted professional standards. This includes the standard of care for contractors (e.g., O’Connor v 595 Realty Assoc., 23 AD2d 69, app dsmd 17 NY2d 493), fire fighters (McGee v Adams Paper & Twine Co., 26 AD2d 186, affd 20 NY2d 921), window washers (Gonzalez v Concourse Plaza Syndicates, 31 AD2d 401) and mariners (e.g., Carpenter v Eastern Transp. Co., 71 NY 574) to name but a few.
To be sure the average juror is quite familiar with the everyday rules of the road. These are a matter of common knowledge and therefore the standard of care ordinarily imposed on members of the public in handling common traffic perils neither requires nor admits expert clarification. However the jury in this case was being asked the different question whether the police officer, by reason of his special training and experience, should have been able to foresee and act to forestall or at least minimize rather than aggravate the obvious danger, given the few split seconds and scanty information available to him in choosing an appropriate course of conduct. Most jurors of course have never been involved in a high-speed chase. And few indeed are familiar with authorized police procedures.
Since the police are confronted with a special responsibility not only for, apprehending violators but also for preventing them from endangering others while at the same time operating their emergency vehicles in a manner that is neither careless, reckless nor wanton, however compelling the emergency (Commisso v Meeker, 8 NY2d 109; see Vehicle and Traffic Law, § 1104), special rules of accepted police emergency practices have naturally developed from this particular professional experience. That code, although often merely internal or even tacit, nevertheless creates a special standard of care for this particular class of drivers.
Under these circumstances expert testimony was admis *103 sible to clarify the proper police practice expected in a given police emergency, despite the fact that no specific departmental rules or formal guidelines prevail and despite the jury’s common understanding of driving standards generally (see Myers v Town of Harrison, 438 F2d 293; cf. Kulak v Nationwide Ins. Co., 40 NY2d 140).
The defendant of course was free to impeach the plaintiffs’ expert or to offer a different opinion through its own qualified witnesses. Having opted to rely exclusively on its own cross-examination of the single expert witness called to testify in the case, the county should not be heard to complain of prejudice when clarification alone would be the result.
The order of the Appellate Division should be affirmed and the question certified answered in the affirmative.