OPINION OF THE COURT
Kaye, J.
During the early hours of June 27, 1979, defendant, one of a group of youths, entered a Radio Shack store by *432 running through a plate glass window; and several items were stolen. The evidence in this prosecution for burglary and related offenses showed that prior to the break-in, defendant had consumed up to a case of beer, smoked several marihuana cigarettes, and ingested 5 to 10 Valium tablets. The key issue for the jury’s determination was whether defendant could have formed the requisite intent for the crimes charged.
The trial court permitted the defense to introduce the expert testimony of a forensic psychiatrist skilled in drug and alcohol abuse, but announced in advance that it would not allow inquiry about defendant’s state of mind, his intent or ability to have intent, or blackouts, because those were the ultimate questions to be decided by the jury. Additionally, the court struck expert testimony perceived to be approaching, by indirection, these ultimate questions, indicating that such testimony would pre-empt the jury’s function.
Because the wrong standard was applied, the testimony of defendant’s expert on the key issue was erroneously circumscribed. We therefore reverse the conviction and order a new trial.
In a sense, opinion testimony of an expert witness necessarily enters upon the jury’s province, since the expert — and not the jury — draws conclusions from the facts, which the jury is then asked to adopt. Such testimony, however, is admissible where the conclusions to be drawn from the facts “depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence.” (Dougherty v Milliken, 163 NY 527, 533; De Long v County of Erie, 60 NY2d 296.) Both sides may of course cross-examine and impeach the opposition’s experts, and adduce different opinions through their own experts. (Selkowitz v County of Nassau, 45 NY2d 97, 103.)
While controversy about opinion testimony going to the ultimate questions has brewed elsewhere,[1] in this State the test has been different. For testimony regarding both the ultimate questions and those of lesser significance, admissibility turns on whether, given the nature of the subject, *433 “the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon, and no better evidence than such opinions is attainable.” (Van Wycklen v City of Brooklyn, 118 NY 424, 429; Noah v Bowery Sav. Bank, 225 NY 284, 292.)
The admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court, and review beyond the intermediate appellate level is generally unwarranted. (Selkowitz v County of Nassau, 45 NY2d 97, supra.) It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness. Here, the trial court permitted a psychiatrist to testify generally on the subject of defendant’s condition given his drug and alcohol consumption, but felt constrained to draw the line at the expression of an opinion regarding the defendant’s ability to form intent, only because such an opinion went to the ultimate question and would usurp the jury’s function. The court failed to exercise its discretion because it erroneously perceived that it had no discretion to exercise. This was not a proper application of the test for expert testimony, and presents a legal issue for review by us. (People v Williams, 56 NY2d 236.)
Had the trial court exercised its discretion with respect to expert testimony on the subject of intent[2] it could have found such evidence admissible. While jurors might be familiar with the effects of alcohol on one’s mental state, the combined impact of a case of beer, several marihuana cigarettes and 5 to 10 Valium tablets on a person’s ability to act purposefully cannot be said as a matter of law to be within the ken of the typical juror.
Despite considerable latitude permitted in questioning the expert, the blanket preclusion of testimony regarding intent was not harmless error. The announced imposition of limits on the expert’s testimony, and the striking of *434 testimony, denied defendant the opportunity to elicit opinions going directly to the issue of intent. The jury was left with the expert’s generalized observations about the effects of alcohol and drug consumption, without his application of these observations, in the form of opinion testimony, to the element of purposeful activity. Further, expert testimony regarding the ability of a person, though stuporous, to answer simple questions, was stricken because it was perceived to be reaching the ultimate question, yet defendant’s ability to answer simple questions shortly after the crime was emphasized by the People as a mark of his ability to have formed the requisite intent. Finally, the fact that defendant’s counsel in summation argued from testimony that would have been given by the doctor, but was disallowed, does not eliminate the prejudice; lawyers’ argument is not the equivalent of expert medical testimony.
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

. (See Advisory Committee’s Note, Federal Rules of Evidence, rule 704 [US Code, tit 28]; Proposed Code of Evidence for State of New York, § 704.)

. We do not suggest that questions to such an expert could properly have been framed in terms of “intent,” since his perception of that term might differ dramatically from the statutory definition.