■ ALLEN ANDERSON et al., Appellants, v ISMAEL MUNIZ et al., Respondents. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Hyman, J.), dated January 15, 1985, which denied their motion to set aside an oral decision at the trial of the action, rendered on November 15, 1984, dismissing the complaint at the close of the evidence, and (2) a judgment of the same court, dated February 22, 1985, which is in favor of the defendants and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and a new trial is granted; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The instant action arises out of an incident which occurred

on the morning of December 7, 1977, when the defendant Muniz, although aware that his automobile was very low on gasoline, drove it onto the Long Island Expressway (hereinafter LIE), a limited access highway, at approximately 1:00 A.M. The automobile ran out of gas and came to a stop in the eastbound high-speed lane approximately several miles from the Queens Midtown Tunnel. Muniz obtained a ride from a passing motorist to a nearby gas station and left his unattended car on the highway.

Meanwhile, a police utility truck driven by the defendant Thomas Joyce, a New York City police officer who was on radio emergency patrol, stopped approximately 30 feet behind Muniz's automobile. Joyce testified that when he stopped, he activated the various warning lights with which his truck was equipped. There was some conflicting testimony as well as other evidence, however, from eyewitnesses, indicating that the flashing warning lights on the police truck were not on.

Within 30 seconds to several minutes after Joyce arrived at the scene, Muniz returned in a taxicab and began pouring gas into his automobile. Shortly thereafter, an automobile driven by the plaintiff Allen Anderson collided with the rear of the police utility truck.

At the trial, the plaintiffs sought to establish that the defendant Muniz acted negligently in entering the LIE with an insufficient amount of gasoline in clear violation of New York City Traffic Regulations § 81 (a) (5) (a). That regulation provides:

"Within a highway or upon an elevated or limited access roadway when all lanes are normally available for moving traffic.

"The stopping, standing, or parking of a motor vehicle caused by lack of fuel shall constitute a violation of this section".

The plaintiffs also sought to establish that Joyce did not take sufficient safety precautions when he responded to Muniz's disabled vehicle. On this point, the plaintiffs sought to qualify one Henry Branche as an expert in the area of police safety procedures. Branche had served as a New York City police officer for 23 years and had been assigned to the radio motor patrol for several years. The trial court, however, refused to qualify Branche as an expert. The court noted, in the first instance, that Branche had been retired from the police department for almost two years prior to the accident. Additionally, the court reasoned that expert testimony was

not necessary since the jury could "infer that under the circumstances, cones [and] flares [should have been] put out".

After all parties rested, the defendants moved to dismiss the complaint and their motion was granted. We conclude that the trial court erred in dismissing the complaint and accordingly reverse and remit the matter for a new trial.

Viewing the evidence adduced at trial in a light most favorable to the plaintiffs, as we are required to do (see, Lipsius v White, 91 AD2d 271), we determine that a question of fact exists as to whether Muniz's entry upon the LIE while knowingly low on gasoline and his subsequent stop due to the lack of fuel in clear violation of the traffic regulation, constituted a proximate cause of the accident. Thus, the court erred in dismissing the complaint insofar as it is asserted against Muniz.

Additionally, a question of fact exists as to whether the responding police officer took adequate measures to warn passing motorists of the disabled vehicle and, if possible, to remove that vehicle from the roadway. It is well established that a municipality will not be liable for injuries to an individual citizen absent a showing of the existence of a special duty on behalf of the municipality to protect that individual (see, Crosland v New York City Tr. Auth., 68 NY2d 165; Sorichetti v City of New York, 65 NY2d 461; De Long v County of Erie, 60 NY2d 296). A special duty will be deemed to exist in those situations where a municipality affirmatively and voluntarily assumes a duty. In such situations the municipality is required to exercise ordinary and reasonable care in performance of that duty (see, De Long v County of Erie, supra, at p 305; Garrett v Holiday Inns, 58 NY2d 253; Florence v Goldberg, 44 NY2d 189). Whether a special duty has been breached is generally a question for the jury to decide (De Long v County of Erie, supra, at p 306). In the case at bar, the police officer's affirmative acts of responding to Muniz's disabled car created a duty on behalf of the officer and the municipality to the class of persons traveling the roadway in the area of the disabled vehicle. The issue of whether the steps taken by the police herein to warn passing motorists of the obstruction were reasonable or fell below the standard of ordinary care, is for the jury to decide.

In conclusion, we also find that the trial court erred in excluding Branche's testimony. In Selkowitz v County of Nassau (45 NY2d 97), a negligence action involving an automobile collision during a high-speed police chase, the court held that expert testimony was admissible "to clarify the proper police

practice expected in a given police emergency, despite the fact that no specific departmental rules or formal guidelines prevail and despite the jury's common understanding of driving standards generally" *(Selkowitz v County of Nassau, supra,* at p 103). The *Selkowitz* court noted that the testimony of an experienced professional in these matters could only have assisted rather than prejudiced the jury. These same principles apply in the case at bar. Moreover, the fact that Branche had left the police department prior to the time the accident occurred affects only the weight, not the admissibility, of his testimony. Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.