■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR REAL, Appellant.—Judgment of the Supreme Court, New York County (Dennis Edwards, J.), rendered March 12, 1986, convicting defendant, after trial by jury, of attempted sodomy in the first degree and sexual abuse in the first degree and sentencing defendant as a second violent felony offender to concurrent terms of 6 to 12 years on the attempted sodomy count and 3 to 6 years on the sexual abuse count, is unanimously reversed, on the law, and the matter remanded for a new trial.

Although the trial court was informed that defendant would testify that he was under the influence of marihuana mixed with "angel dust" when he committed these crimes, it refused to permit the defense to allow a psychiatrist to testify about the conduct of people who use such drugs.

This ruling effectively deprived defendant of a fair trial. Since the key issue for the jury's determination was whether defendant could have formed the required intent for the charged crimes, the court erred in precluding defendant from calling an expert to testify as to the effect of "angel dust" intoxication on his ability to form such intent *(see, People v Cronin,* 60 NY2d 430).

Contrary to the trial court's assumption, defendant's proffered testimony would have provided a proper foundation for the expert's testimony both as to the general effects of marihuana and angel dust and as to his opinion as to how these drugs might have affected defendant's intent *(People v Cronin,*

*supra,* at 433). The fact that defendant could not show, with certainty, that the drugs he took were marihuana and angel dust is of no moment. The Court of Appeals has held that there was sufficient foundation for the admission of such expert testimony where the only evidence of the quantities of drugs and alcohol consumed by the defendant came from the testimony of the codefendant, "who was too drunk to remember what he had had to drink the same night" *(People v Cronin, supra,* at 435). Accordingly, as the People concede, defendant is entitled to a new trial.

We also find, on the record before us, that the admission of testimony from the arresting officer concerning the recovery of a utility razor from defendant, which had not been used in the crimes charged, was erroneous. This testimony was irrelevant, "gravely prejudicial and seriously impaired the fundamental fairness of the trial" *(People v Johnson,* 61 AD2d 923, 924, *appeal dismissed* 47 NY2d 124). Concur—Kupferman, J. P., Sullivan, Ross, Asch and Ellerin, JJ.