■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA MCCORGRAY, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered March 7, 1989, convicting defendant, after a jury trial, of one count of grand larceny in the third degree (Penal Law § 155.35), for which she was sentenced to five years' probation, restitution of

$37,798, a fine of equal amount, and 500 hours of community service, unanimously affirmed. The stay of the judgment previously granted is vacated.

This is a complex embezzlement case, based on circumstantial evidence, involving thefts on 120 different days over a two-year period by defendant, the assistant supervisor in the bursar's office of the SUNY School of Optometry's clinical services. The evidence was both legally sufficient an proved defendant's guilt beyond a reasonable doubt, excluding to a moral certainty any inference other than one of guilt *(People v Kennedy,* 47 NY2d 196, 202; *cf., People v Way,* 59 NY2d 361). The thefts occurred when a person who processed payments from patients substituted unrecorded checks for cash, and concealed the substitution by use of other patients' accounts. The evidence clearly established defendant's supervisory role at the bursar's office; her virtually exclusive control over the processing of payments; and her knowledge of the alternative method of receipting the subject payments which applied only to payments for contact lenses. Further evidence established that defendant was the only employee present on each of the 120 days on which the substitutions of checks for cash occurred, and that no such substitutions occurred when defendant was absent.

We have considered defendant's claim that the auditor who testified as an expert improperly offered an opinion that the substitutions occurred when the payments were processed at the close of the day in the bursar's office. We conclude that this testimony did not depart from the standards set forth in *People v Cronin* (60 NY2d 430, 432-433). The facts could not have been stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon without this opinion testimony.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ross, J. P., Rosenberger, Ellerin and Wallach, JJ.