■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MINOR, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered December 7, 1988, convicting defendant, after a jury trial, of attempted robbery in the second degree and sentencing defendant, as a second violent felony offender, to an indeterminate term of imprisonment of 3½ to 7 years, to run consecutive to a prior sentence, unanimously affirmed.

Defendant was found guilty of attempting to rob, with two accomplices, a pedestrian in the Columbus Circle area. Anticrime police officers, who had been following the defendant and his two accomplices for several blocks, observed the attempted robbery, and immediately apprehended defendant. The only significant issue on appeal concerns testimony by the police officers, who were qualified as expert witnesses, that their suspicions had been alerted to defendant and the two other perpetrators by their distinctive pattern of walking, in what the anticrime officers described as a "robbery formation" in which two men walk in front while a third lags behind some distance evincing no connection with the other two men. The anticrime officers were permitted to testify that they observed defendant and the others walking in this formation, watching pedestrians, reconvening and conversing, and separating again, on several occasions over several blocks.

We find no infirmity in the introduction of this testimony, which provided relevant background information (see, People v Hernandez, 139 AD2d 472, lv denied 72 NY2d 957) explaining why the police officers were alerted to the defendants. Furthermore, it is within the trial court's sound discretion to control admissibility of expert evidence (see, People v Cronin, 60 NY2d 430), and we do not find that the trial court abused that discretion. Defendant's appellate contention that this evidence bolstered the victim's testimony was never raised at trial and is consequently unpreserved for review. We find no reason to review in the interest of justice.

We have examined defendant's remaining contentions and find them to be meritless. Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.