■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MOORE, Appellant. [598 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered May 8, 1991, convicting him of attempted robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was denied a fair trial because the court precluded his expert witness, a psychiatrist, from testifying about the complainant's mental condition. The psychiatrist never examined the complainant, and the hospital records which he would have based his opinion on only concerned the complainant's mental condition three days after the incident. Thus, it would have been speculative for the psychiatrist to offer an opinion about the complainant's mental condition at the time of the incident *(see, People v Cronin,* 60 NY2d 430, 432-433; *Matott v Ward,* 48 NY2d 455). Moreover, the complainant did not identify the defendant and the prosecution's case relied instead upon the

testimony of two civilian witnesses and one police officer. Thus, the complainant's ability to perceive and recall the events was not a significant issue at trial. In any event, the complainant readily admitted that she suffered from blackouts and seizures and that her vision was blurred due to medication.

Nor did the court unduly restrict the defendant's expert from offering an opinion as to the cause and inception of the injury to the complainant's hand. The expert was permitted to testify, *inter alia,* that "the cause of the injury to the hand is unclear from this record, but what is clear is that * * * [there is] * * * an advanced infection of the hand and it's an infection that has been festering there for quite some time".

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.