■ PAMELA D. CRAWFORD et al., Appellants, v DIMITRIOS KOLONIARIS, Defendant, and PIERCE V. GALLAGHER, Respondent. [605 NYS2d 718] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an amended interlocutory judgment of the Supreme Court, Westchester County (Gurahian, J.), entered February 20, 1991, which, upon a jury verdict on the issue of liability only, is in favor of the defendant Pierce V. Gallagher.

Ordered that the amended interlocutory judgment is affirmed, with costs.

The plaintiffs commenced an action to recover damages for personal injuries sustained by the plaintiff Pamela D. Crawford when she swerved her vehicle in order to avoid a collision with the car of the defendant Dimitrios Koloniaris, which was stopped in the right lane of the northbound Palisades Parkway. Koloniaris, who had been speeding, had been signalled to

pull his car over to the side of the roadway by the defendant Pierce V. Gallagher, a New York State Police Trooper. After a trial on the issue of liability only, the jury found in favor of the plaintiffs and against Koloniaris. Gallagher was found not to be negligent.

During the trial, the plaintiffs attempted to introduce expert testimony with regard to a standard New York State Police procedure for stopping and pulling over vehicles on highways, in an effort to show that Gallagher was negligent in pulling over the Koloniaris vehicle after he observed Koloniaris driving in excess of the posted speed limit. However, the trial court restricted the expert testimony, finding that the plaintiffs had failed to lay a proper foundation for it and that the propriety of the manner in which Gallagher directed Koloniaris to pull over his vehicle was within the province of the jury to decide.

The determination of a witness's qualification to testify as an expert in a specific field rests in the broad discretion of the trial court, and such a determination will not lightly be disturbed (see, Werner v Sun Oil Co., 65 NY2d 839; Meiselman v Crown Hgts. Hosp., 285 NY 389). The trial court may also determine when jurors are able to draw conclusions from the evidence and when they would be benefited by the specialized knowledge of an expert witness (see, People v Cronin, 60 NY2d 430).

We discern no error in the trial court's restriction on the expert's testimony in this case. The expert was qualified as an accident reconstruction analyst who formerly had been a local county police officer. There was no foundation laid for testimony regarding any standard procedures of the State Police, nor was it established that the witness was an expert in police procedures for pulling speeding motorists off roadways. The reliance of the plaintiffs upon Selkowitz v County of Nassau (45 NY2d 97) and Anderson v Muniz (125 AD2d 281) is misplaced. In both of those cases, a proper foundation had been laid for the expert's testimony, and in Selkowitz v County of Nassau (supra), the Court specifically found that the testimony of an experienced professional was helpful to the jury. In the present case, the trial court properly permitted the expert to testify as to those matters dealing with the actual occurrence of the accident, since he had been qualified to testify as to those matters (see, Matott v Ward, 48 NY2d 455). However, the trial court was correct in excluding that testimony which was unrelated to the expert's knowledge of accident reconstruction, particularly since the court found

that it was within the ability and experience of the jury to determine whether Gallagher's actions constituted negligence (see, People v Cronin, 60 NY2d 430, supra; Paciocco v Montgomery Ward, 163 AD2d 655).

We further find unpersuasive the plaintiffs' contention that the court erred in granting Gallagher's motion to amend his answer after they had rested their case. It is well settled that, in the absence of prejudice or surprise, leave to amend pleadings shall be freely given (see, CPLR 3025 [b]; Fahey v County of Ontario, 44 NY2d 934). No such prejudice existed here (see, Wyso v City of New York, 91 AD2d 661), inasmuch as Gallagher merely sought to add a denial which had inadvertently been omitted from his answer, and the plaintiffs had not relied upon that omission in presenting their case.

Finally, there is no merit to the contention of the plaintiffs that the trial court's charge constituted reversible error (see generally, Cea v Freed, 178 AD2d 397; Sewar v Gagliardi Bros. Serv., 69 AD2d 281, affd 51 NY2d 752). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.