■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREL KROGER, Also Known as DARREL KOGER, Appellant. [606 NYS2d 746] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 17, 1990, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On January 3, 1989, at approximately 9:30 P.M., two plainclothes police officers were driving in an unmarked Chevrolet in a westerly direction on Clarkson Avenue in Brooklyn. A gypsy taxicab, also proceeding in a westerly direction, made a sudden stop in front of the officers' vehicle. The defendant

quickly exited the taxicab's rear, right passenger door, immediately reaching for his waistband. At that point, the officers exited their vehicle. The defendant looked at them and ran to the north sidewalk. One of the officers ran after the defendant, and the defendant fired a shot at him. In the subsequent shootout between the defendant and the officer, the defendant fatally shot a bystander.

On the eve of jury selection, the defendant, represented by the Legal Aid Society, requested that the court "give [his] family an opportunity to obtain a lawyer" because he was not satisfied with the representation he had received during the pretrial hearings. The court denied the application, noting that the defendant's family had previously had ample opportunity to obtain the services of a private lawyer and that the trial should not be delayed because of his subjective feelings about the competency of his court-appointed attorney. On appeal, the defendant contends that the trial court acted improvidently by refusing to give him an opportunity to obtain a new attorney to replace his court-appointed attorney. We disagree.

The court properly rejected the defendant's attempt to delay the proceedings in order to begin searching for an attorney to replace court-appointed counsel. The defendant had not voiced any dissatisfaction with his court-appointed attorney prior to that time. Additionally, he failed to make a sufficient showing of the need for a substitution of counsel. Under the circumstances, the court acted providently in denying his request (see, People v Medina, 44 NY2d 199; People v Moore, 172 AD2d 854).

The defendant also contends that the evidence was legally insufficient to prove that he fired the shot that caused the victim's death. He argues that the medical experts' testimony as to the type of bullet that struck the deceased went beyond their scope of expertise. Once again, we disagree. The admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court (see, People v Cronin, 60 NY2d 430, 433). "For testimony regarding both the ultimate questions and those of lesser significance, admissibility turns on whether, given the nature of the subject, 'the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon, and no better evidence than such opinions is attainable' " (People v Cronin, supra, at 432-433, quoting from Van Wycklen v City of Brooklyn, 118 NY 424, 429). In this case, we find that the forensic pathologist and radiologist gave proper medical opin-

ion testimony. Moreover, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions are unpreserved for appellate review (see, CPLR 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.