■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JONES, Appellant. [620 NYS2d 656] —Judgment reversed on the law, application granted and new trial granted. Memorandum: County Court abused its discretion in denying defendant's application for authorization to have neurological testing conducted based on reports that, as a child, defendant sustained a traumatic head injury that caused permanent brain damage. Defendant's expert, Dr. Fisher, recommended neurological tests based upon his belief that defendant's cognitive limitations were a result of brain damage and a 30-year history of alcoholism. Thus, testing was crucial to defendant's asserted defense of justification (see, People v Goetz, 68 NY2d 96).

We conclude that the court also abused its discretion in limiting the testimony of Dr. Fisher and Dr. Kahn. The court sustained the prosecutor's objections to questions regarding defendant's ability to think quickly and flexibly and to modify a course of action due to brain damage. The combined effects of organic brain damage as a result of traumatic head injury and 30 years of alcoholism on a person's ability to think and act purposely are matters outside the ken of the typical juror and are therefore properly the subject of expert testimony (cf., People v Cronin, 60 NY2d 430, 433). The expert testimony would go beyond defendant's ability to form intent and reflect upon defendant's ability to perceive risk (see, People v Burton, 156 AD2d 945, lv denied 75 NY2d 917). Although defendant's experts did testify regarding their opinions that defendant was brain damaged and limited in his cognitive abilities, they were precluded from relating their assertions "to the element of purposeful activity", and defendant was thus effectively denied the opportunity to elicit opinions going directly to the issue of intent (People v Cronin, supra, at 434).

It cannot be said that either error is harmless. The evidence adduced at trial establishes that the victim was attempting to break into defendant's home when defendant shot her. The evidence further establishes that the victim had a reputation for extreme violence and that defendant was aware of that reputation. At the time of the shooting, the victim, who was

physically larger than defendant, was screaming and swearing and, while wielding a two to three foot piece of lumber, succeeded in breaking defendant's bedroom window completely out of its frame. Under the circumstances, we conclude that defendant should have been given every opportunity to prove his defense of justification, and that, absent the errors, the nature and quantum of proof was not so compelling as to lead us to the conclusion that a jury would most certainly have convicted defendant (see, People v Crimmins, 36 NY2d 230, 241-242).

All concur except Pine, J. P., who dissents and votes to affirm in the following Memorandum.

Pine, J. P. (dissenting). I respectfully dissent and would affirm. I disagree that County Court erred in refusing to authorize funding for brain scans to attempt to confirm whether defendant suffered from brain damage. Defendant contends that such testing was needed to permit the jury to conclude that his cognitive limitations made his response to the victim's behavior reasonably justified. Defendant made a formal request for a mental evaluation pursuant to County Law § 722. Two weeks later, he requested an evaluation by Dr. Kahn, a psychiatrist. Dr. Kahn concluded that defendant was in "very apparent dementia" and recommended neuropsychological testing. The court authorized funding for both that testing and for further sessions with Dr. Kahn. Thereafter, defendant sought authorization for brain scans as a result of reports of traumatic injury to his skull when he was an adolescent. The People opposed that relief on the ground that the only evidence of injury was a statement by defendant's sister that she had spoken to defendant's mother in Georgia, who stated that defendant "had a couple holes in his head, was unconscious for at least a week," and reportedly was hospitalized.

The court's denial of the application for brain scans on the ground that there was an insufficient showing of injury was not an abuse of discretion (see, People v Cronin, 60 NY2d 430, 433; People v Gallow, 171 AD2d 1061, 1062-1063, lv denied 77 NY2d 995). The testimony of two experts for the defense was sufficient to enable the jury to determine whether defendant was justified in his actions. They testified that defendant suffered from a cognitive deficiency and could not react appropriately to the victim. One expert testified regarding defendant's performance on over 30 different cognitive tests. Whether defendant's limitations resulted from traumatic injury is irrelevant. It is defendant's condition at the time of the

crime, not the cause of that condition, that is relevant, and the jury had that information *(cf., Ake v Oklahoma,* 470 US 68). (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Pine, J. P., Balio, Fallon, Doerr and Boehm, JJ.