■ EDGEWATER APARTMENTS, INC., Appellants, v JOHN J. FLYNN et al., Respondents, and STRUCTURAL MAINTENANCE & CONTRACTING COMPANY, INC., Appellant. [627 NYS2d 385] —Judgment of the Supreme Court, New York County (Ira Gammerman, J.), entered on or about December 29, 1993, unanimously reversed, on the law and facts, solely to the extent that it dismissed the complaint and cross claim against defendants-respondents John J. Flynn and John J. Flynn, Consulting Engineers, P. C., the complaint and cross claims against the defendants-respondents reinstated, and the matter remanded for trial as against said defendants-respondents, with costs and disbursements payable to appellants.

Defendants John J. Flynn and John J. Flynn, Consulting Engineers, P.C. (hereinafter Flynn) provided professional services to plaintiff, Edgewater Apartments, Inc., a cooperative residence on East 72nd Street in Manhattan, in connection with complaints of leakage in the building. Flynn gave a report to the plaintiff that contained findings and recommendations for dealing with the problem. When most of the proposals were accepted by the Board of Directors, Flynn proceeded to draw up specifications for carrying out the necessary work, including waterproofing and exterior restoration. Defendant Structural then performed the job, and Flynn undertook the inspections.

However, the leaking continued, and, thereafter, plaintiff retained the engineering and design firm of Lev Zetlin Associates, Inc. (LZA) to investigate the continuing problems. Robert Wagner and Theodore W. Sherman, registered architects employed by LZA, found carpets that were stained, vinyl tiles that were coming up, wooden parquet floors that were buckling and paint and plaster that was peeling, all attributable to the water that was seeping into the apartments from the outside. Indeed, the inspection by LZA revealed the existence of numerous defects, such as deteriorated flashing over the lintels, failed concrete inserts, extensive rusting of the stress relieving angles, improper placement of roofing materials, splits in the roof membrane, incorrect roof pitch, cracks in the parapet, spalling of brick, blistering of the roof and cracks in the brick and mortar joints. After issuing its report, LZA prepared plans and specifications to correct the situation, and, this time, the work was successfully performed by Cole Restoration and monitored by LZA.

The jury rendered a verdict in favor of plaintiff and against Structural. However, at the conclusion of plaintiff's direct case, the IAS Court granted a motion by the Flynn defendants to dismiss both the complaint and cross claim by the contractor against them, before the case went to the jury. It concluded that Edgewater's expert witness, Theodore W. Sherman, was not competent to give opinion testimony for the purpose of proving malpractice and negligence by Flynn since only another engineer, and not an architect, could establish a prima facie case against an engineer.

As a general principle, it is within the reasonable discretion of the trial court to determine whether or not a witness is qualified to testify as an expert on a specific subject, which discretion will not be upset unless the Judge has made a serious mistake or otherwise abused his or her discretion (*De Long v County of Erie*, 60 NY2d 296, 307-308; *Selkowitz v County of Nassau*, 45 NY2d 97, 101-103). However, it is axiomatic that an expert should be allowed to offer an opinion when it would be helpful to clarify an issue involving professional or scientific knowledge or skill that is not possessed by the ordinary juror (*De Long v County of Erie, supra*; *Selkowitz v County of Nassau, supra*).

Plaintiff herein, in response to Flynn's demand pursuant to CPLR 3101 (d), supplied a copy of the report authored by Sherman and Wagner of LZA and identified Sherman as its expert witness. Sherman, a registered architect with 25 years of experience in investigating the causes of water infiltration from the exterior of a building into its interior, has furnished his expertise to a variety of masonry projects, including the Empire State Building, Graybar Building and Lincoln Towers. Yet, the nisi prius court refused to permit him to offer his expert opinion on the Flynn specifications, deeming him to be incompetent for such purpose because he is not an engineer.

Section 27-129 (a) of the Administrative Code of the City of New York states, in part, that, in order to maintain the exterior walls and appurtenances of a building, examinations shall be periodically conducted thereof by, or under the supervision of, a licensed architect *or* licensed professional engineer. In addition, Education Law § 7301 authorizes an architect to render services requiring the application of art, science and aesthetics of design and construction of buildings, including designs, construction documents, construction management and the administration of construction contracts.

An architect, particularly one with the experience possessed by Sherman, is certainly competent to testify as to the nature

of the services rendered by Flynn with regard to repair of the leakage problems at the Edgewater. Indeed Sherman and LZA achieved the precise goal, stopping the water seepage, that Flynn was originally hired to do but which it failed to accomplish.

Since Sherman clearly was skilled in the profession or field to which the action was related, he was competent to offer relevant testimony (see, *Karasik v Bird*, 98 AD2d 359, 362), notwithstanding the fact he was not an engineer.

Thus, in *Karasik v Bird*, this Court found that Trial Term erred when it excluded testimony of a pharmacologist that certain drugs prescribed by defendant, a physician, had an effect upon the chemistry of decedent's body and were a causal factor in the development of a liver condition (*supra*, at 362-363). In *Locilento v Coleman Catholic High School* (134 AD2d 39), wherein a student had been injured in an intramural football game, a witness with educational degrees in the field of recreation was permitted to offer evidence as an expert in the field of scholastic sports activities despite having never coached a football team or officiated at a football game. In *Sumowicz v Gimbel Bros.* (161 AD2d 314), we reversed Trial Term which had stricken the testimony of a non-medical "safety professional" in a lawsuit in which a customer had sued a department store for an injury that she allegedly sustained by striking her eye on the edge of a display case. We found that the testimony was "based on an expertise directly related to the disputed issues at trial" *(supra*, at 315).

Of course, Flynn would have the right to attempt to impeach Sherman or any other expert called by plaintiff (see, *Selkowitz v County of Nassau, supra*). Further, the weight of the expert testimony would be a question for the jury (*Sumowicz v Gimbel Bros., supra*, at 317). Concur—Asch, J. P., Nardelli, Williams and Mazzarelli, JJ.