■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GRAVES, Appellant. [656 NYS2d 490] —Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Teresi, J.), rendered December 22, 1995, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree.

After a jury trial, defendant was convicted of robbery in the first and second degrees in connection with his stealing money from a taxi cab driver. Defendant contends that County Court erred in denying his request for the appointment of a particular expert, at a proposed cost of $1,500, to testify as to the ef-

fects of smoking crack cocaine on a person's ability to form an intent to commit a crime. We disagree. Even accepting that defendant was entitled to the services of an expert in this area, he was not necessarily allowed the expert of his own choosing (*see, People v Lane*, 195 AD2d 876, 878, *lv denied* 82 NY2d 850). Being indigent, defendant is entitled to have County Court appoint an expert *at public expense* (*see,* County Law § 722-c). However, the statute specifically limits the expert's compensation to $300, unless the court determines that "extraordinary circumstances" warrant approval of a greater fee (*id.*).

Here, County Court concluded that the proposed fee was exorbitant and that extraordinary circumstances were not present. Given the record, we cannot say that the court abused its discretion in this regard (*see, People v Lane, supra*). It is also noteworthy that defendant did not request a further adjournment to locate another expert (*see, id.,* at 878).

Nor can it be said that the lack of an expert deprived defendant of his right to present a defense or his right to a fair trial (*cf., People v Jones*, 210 AD2d 904, *affd* 85 NY2d 998), for defendant admitted that he knew at the time of each of the robberies with which he was charged that he was getting into a taxi cab for the express purpose of procuring money. Thus, there appears to be no genuine issue with respect to defendant's mental state, sufficient to require the appointment of an expert (*see, Ake v Oklahoma*, 470 US 68, 82-83; *People v McLane*, 166 Misc 2d 698).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.