■ Tina Mastrocola et al., Respondents, v County of Nassau et al., Defendants, and Village of Lake Success et al., Appellants. [671 NYS2d 278] —In an action to recover damages for personal injuries, etc., the defendants Village of Lake Success and the Police Department of the Village of Lake Success appeal from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered December 23, 1996, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

"[T]he sole criterion [when considering a motion to dismiss for failure to state a cause of action] is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275). The pleadings must be liberally construed, and the facts pleaded are presumed to be true and are accorded every favorable inference (*see, Doria v Masucci,* 230 AD2d 764, 765). Under the circumstances of this case, the plaintiff has sufficiently pleaded a cause of action against the Village of Lake Success and the Police Department of the Village of Lake Success (*see, Anderson v Muniz,* 125 AD2d 281, 283). Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.