THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLENE COVINGTON, Appellant. [748 NYS2d 94] —Appeal from a judgment of Monroe County Court (Marks, J.), entered May 30, 2000, convicting defendant after a jury trial of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of assault in the second degree (Penal Law § 120.05 [4] [reckless assault]) as a lesser included offense of assault in the first degree (§ 120.10 [1] [intentional assault]). Contrary to defendant's contention, County Court properly exercised its discretion in precluding defendant from introducing expert psychiatric testimony with respect to whether defendant, as the result of intoxication and long-suppressed rage, had the capacity to form the requisite intent to commit the crime of intentional assault (*see People v Williams*, 97 NY2d 735, 736). "As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court" (*People v Lee*, 96 NY2d 157, 162; *see Williams*, 97 NY2d at 736; *People v Cronin*, 60 NY2d 430, 433). Under the circumstances of this case, whether defendant acted with the requisite intent was "within the ken of the typical juror" (*Cronin*, 60 NY2d at 433). In any event, the jury found defendant not guilty of intentional assault and convicted her of the lesser included offense of reckless assault, which does not require proof of intent. The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.

ALPHONSE WHITE, JR., Appellant, v ALSTOM SIGNALING INC., Respondent. [748 NYS2d 126] —Appeal from an order of Supreme Court, Monroe County (Cornelius, J.), entered December 3, 2001, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Monroe County, Cornelius, J. Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.