■ EARNESTINE STEWART, Appellant, v JAMES AVASSO et al., Respondents. [754 NYS2d 551] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered March 6, 2002, which, upon granting the defendants' application to preclude the testimony of the plaintiff's expert witness, and upon granting the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly precluded the testimony of the plaintiff's expert, an accident reconstructionist (*see People v Cronin,* 60 NY2d 430; *Crawford v Koloniaris,* 199 AD2d 235). Where, as here, an expert's opinion is speculative and lacks a factual basis, it is inadmissible and should be precluded (*see Quinn v Artcraft Constr.,* 203 AD2d 444, 445).

The Supreme Court correctly granted the defendant's motion pursuant to CPLR 4401 and dismissed the complaint. The plaintiff failed to prove a prima facie case of negligence. To meet the burden of proving a prima facie case, a plaintiff must show that the defendants' negligence, if any, was a "substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315). The plaintiff failed to meet that burden. Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.