# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

737

KA 12-02387

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID LEMERY, DEFENDANT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 11, 2012. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]). Contrary to defendant's contention, County Court properly exercised its discretion in precluding defendant from introducing expert testimony with respect to whether defendant, as the result of chemotherapy treatments, had a diminished mental capacity that prevented him from understanding what he was saying in taped conversations he had with the victim that were inculpatory in nature (*see People v Covington*, 298 AD2d 930, 930, *lv denied* 99 NY2d 557). "As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court" (*People v Lee*, 96 NY2d 157, 162; *see People v Williams*, 97 NY2d 735, 736; *People v Cronin*, 60 NY2d 430, 433). Under the circumstances of this case, we conclude that evaluating defendant's recorded conversations with the victim was "within the ken of the typical juror" (*Cronin*, 60 NY2d at 433; *see Covington*, 298 AD2d at 930). Additionally, the proposed expert was unable to testify to a reasonable degree of medical certainty that chemotherapy treatments caused defendant's purported deficits (*see generally People v Allweiss*, 48 NY2d 40, 50).

Contrary to defendant's further contention, we conclude that the court properly prohibited defendant from cross-examining the victim with respect to her prior juvenile adjudication. It is "impermissible to use a youthful offender or juvenile delinquency adjudication as an

impeachment weapon, because these adjudications are not convictions of a crime" (*People v Gray*, 84 NY2d 709, 712 [internal quotation marks omitted]).  The extent to which a party may use the " 'illegal or immoral acts underlying such adjudications' " to impeach the credibility of a witness is a matter that is generally left to the discretion of the court (*id.*; *see generally People v Sandoval*, 34 NY2d 371, 375).  Here, the court properly exercised its discretion in precluding cross-examination with respect to the prior bad acts underlying the victim's juvenile adjudication inasmuch as they did not reflect on her credibility (*cf. People v Bell*, 265 AD2d 813, 814, *lv denied* 94 NY2d 916; *see generally Sandoval*, 34 NY2d at 376).

Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, the victim's testimony was not incredible as a matter of law, and we afford " 'deference to the jury's superior ability to evaluate the credibility of the People's witnesses' " (*People v Baker*, 30 AD3d 1102, 1103, *lv denied* 7 NY3d 846).  Finally, the sentence is not unduly harsh or severe; the three-year determinate sentence of incarceration is at the lower end of the legal sentencing range and thus indicates that the sentencing court considered defendant's mitigating circumstances (Penal Law §§ 70.80 [4] [a] [iii]; 130.80).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court