Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 11, 2012. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting *1594 him upon a jury verdict of course of sexual conduct; against a child in the second degree (Penal Law § 130.80 [1] [a]). Contrary to defendant’s contention, County Court properly exercised its discretion in precluding defendant from introducing expert testimony with respect to whether defendant, as the result of chemotherapy treatments, had a diminished mental capacity that prevented him from understanding what he was saying in taped conversations he had with the victim that were inculpatory in nature (see People v Covington, 298 AD2d 930, 930 [2002], lv denied 99 NY2d 557 [2002]). “As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court” (People v Lee, 96 NY2d 157, 162 [2001]; see People v Williams, 97 NY2d 735, 736 [2002]; People v Cronin, 60 NY2d 430, 433 [1983]). Under the circumstances of this case, we conclude that evaluating defendant’s recorded conversations with the victim was “within the ken of the typical juror” (Cronin, 60 NY2d at 433; see Covington, 298 AD2d at 930). Additionally, the proposed expert was unable to testify to a reasonable degree of medical certainty that chemotherapy treatments caused defendant’s purported deficits (see generally People v Allweiss, 48 NY2d 40, 50 [1979]).
Contrary to defendant’s further contention, we conclude that the court properly prohibited defendant from cross-examining the victim with respect to her prior juvenile adjudication. It is “impermissible to use a youthful offender or juvenile delinquency adjudication as an impeachment weapon, because these adjudications are not convictions of a crime” (People v Gray, 84 NY2d 709, 712 [1995] [internal quotation marks omitted]). The extent to which a party may use the “ ‘illegal or immoral acts underlying such adjudications’ ” to impeach the credibility of a witness is a matter that is generally left to the discretion of the court (id.; see generally People v Sandoval, 34 NY2d 371, 375 [1974]). Here, the court properly exercised its discretion in precluding cross-examination with respect to the prior bad acts underlying the victim’s juvenile adjudication inasmuch as they did not reflect on her credibility (cf. People v Bell, 265 AD2d 813, 814 [1999], lv denied 94 NY2d 916 [2000]; see generally Sandoval, 34 NY2d at 376).
Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant’s contention, the victim’s testimony was not incredible as a matter of law, and we afford “ ‘deference to the jury’s superior ability to evaluate the *1595 credibility of the People’s witnesses’ ” (People v Baker, 30 AD3d 1102, 1103 [2006], lv denied 7 NY3d 846 [2006]). Finally, the sentence is not unduly harsh or severe; the three-year determinate sentence of incarceration is at the lower end of the legal sentencing range and thus indicates that the sentencing court considered defendant’s mitigating circumstances (Penal Law §§ 70.80 [4] [a] [iii]; 130.80). Present — Scudder, P.J., Centra, Fahey, Carni and Lindley, JJ.