People v Henderson (2018 NY Slip Op 00081)





People v Henderson


2018 NY Slip Op 00081


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Singh, JJ.


4374/10 5377A 3232/11 5377

[*1] The People of the State of New York, Respondent,
v
Rodney Henderson, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgments, Supreme Court, New York County (Marcy L. Kahn, J.), rendered June 7, 2013, convicting defendant, after a jury trial, of burglary in the second degree, and upon his plea of guilty, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The People's expert testimony warranted the conclusion, under the reasonable doubt standard, that defendant was the source of a partial latent fingerprint recovered from a burglarized apartment (see People v Walker, 106 AD3d 432 [1st Dept 2013], lv denied 23 NY3d 1044 [2014]). We find no basis for disturbing the jury's evaluation of conflicting expert testimony introduced by the People and defendant.
The People's expert testimony sufficiently complied with the court's in limine ruling on the permissible scope of that testimony, and the court did not materially change its ruling during trial. In particular, the court never precluded the fingerprint experts from testifying that defendant's exemplar print matched the latent print. Instead, the court precluded the experts from using the word "match" in conjunction with certain other language, such as "100% certain," which the experts ultimately avoided. Accordingly, defendant was not unfairly surprised by the testimony.
We also reject defendant's challenges to the admissibility of the expert testimony. The fingerprint experts explained in great detail the process by which they reached their opinions, and these opinions were supported by an adequate factual basis. Accordingly, the court providently exercised its discretion in admitting this testimony (see generally People v Cronin, 60 NY2d 430, 434 [1983]).
Because we are affirming the trial conviction, there is no basis for disturbing the plea conviction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK