People v Higgins (2024 NY Slip Op 51638(U))

[*1]

People v Higgins

2024 NY Slip Op 51638(U)

Decided on December 5, 2024

Supreme Court, Kings County

Daniels-DePeyster, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2024
Supreme Court, Kings County

The People of the State of New York

against
Javaughn Higgins, Defendant.

Indictment No. 72944-23

Yolanda Chitohwa and Clinton Hughes, of Brooklyn Defender Services
ADA Sarah Lavy for Eric Gonzalez, Kings County District Attorney's Office

Claudia Daniels-DePeyster, J.

The defendant is charged with Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03) and related charges.
On April 28, 2023, parole officers conducted a home visit at 195 East 32 Street, Kings County, where the defendant resides in the basement apartment. During the search of the defendant's home, Parole Officer Moore recovered a loaded pistol from a black bag in the ceiling of the basement. Officer Moore called the New York City Police Department (hereinafter "NYPD"), and the defendant was placed under arrest. The NYPD Evidence Collection Team (hereinafter "ECT") responded to the location and recovered the aforementioned pistol. The pistol was swabbed, and those swabs were vouchered under Property Clerk Invoice #3001579791. These swabs were submitted to the New York City Office of the Chief Medical Examiner (hereinafter "OCME"), Forensic Biology Department for DNA testing and analysis relating to the presence of DNA material.
An OCME criminalist performed analyses on the firearm swabs and issued a written report on May 18, 2023, Lab No. FB23-02537 (see People's Exhibit 1). According to the report, the DNA profiles of the individual contributors to the mixture on the swab sample from the "front/back strap/side grips" were not determined, but the results were suitable for comparison (id.). The report also stated that no interpretation or comparisons were made as to the samples from the "trigger/trigger guard" or "slide grip grooves/slide release/mag release" because the mixtures were best described as five or more contributors (id.).
On June 5, 2024, the People filed a motion seeking an order pursuant to Matter of Abe A., 56 NY2d 288 (1982) and Criminal Procedure Law (hereinafter "CPL") 245.40(1)(e) authorizing the taking of a buccal/saliva swab from the defendant. The defendant opposed that motion. On or about August 8, 2023, this Court issued a decision authorizing the swab.
The defendant was swabbed in court on August 29, 2023. That swab was vouchered under Property Clerk Invoice #3001631334 and submitted to the OCME Forensic Biology Department for comparison against the DNA swabs from the recovered firearm.
On September 15, 2023, a second report was issued under lab number FBS23-01683. According to that report,
The DNA mixture found on the swab of "front/back strap/side grips" is estimated to be 2.54 times more probable if the sample originated from Javaughn Higgins and three unknown persons than if it originated from four unknown persons. This likelihood ratio value is within the uninformative range. Therefore, this does not support whether Javaughn Higgins is included or excluded as a contributor to the sample (People's Exhibit 2).
On September 27, 2024, the defendant filed written notice that they intended to call Tiffany Ann Roy, an expert in the field of DNA. This notice included the doctor's curriculum vitae, listing all of her publications and presentations, education, and experience. According to the notice, Ms. Roy would provide,
Testimony on the state of scientific research on considering relatives when formulating propositions for likelihood ratios in forensic DNA analysis. Specifically, when formulating propositions to consider for DNA evidence, DNA analysts should consider task-relevant information, including the possibility of relatives on the scene. Tiffany Roy may also testify to the state of scientific research on DNA transfer, persistence, prevalence, and recovery (DNA-TPPR) and discuss how DNA-TPPR research applies to the DNA testing results produced by OCME in this case (see Defense Notice at 1-2).
On October 17, 2024, the People filed this motion in limine, seeking to preclude the expert's testimony. The People argue that the testimony of the expert would not be relevant. Specifically, they argue that the likelihood ratio value is in the uninformative range, that "there is no positive associations between the defendant and the evidence in this case and therefore, any testimony by Defense's DNA expert would add nothing of value to the fact finders" (People's Motion at ¶¶ 12, 14).
The admissibility of expert testimony is dependent on whether the expert testimony would help clarify or "would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (De Long v. County of Erie, 60 NY2d 296, 307 [1983] [citations omitted]; see People v. Taylor, 75 NY2d 277, 288 [1990] [same]). This principle applies to testimony regarding both "the ultimate questions and those of lesser significance" (People v. Cronin, 60 NY2d 430, 432—433 [1983])."It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness" (Cronin, supra, 433 [1983]). Essentially, the trial court assesses whether the proffered expert testimony "would aid a lay jury in reaching a verdict" (People v. Taylor, 75 NY2d 277, 292 [1990]).
The Court sees no need for a hearing to assess the relevancy of the proposed expert testimony. The record before the Court is clear that the proposed testimony of Ms. Roy would be probative and helpful to the jury in understanding the issues of DNA analysis as it relates to persons who are related versus unrelated to the defendant. While the People argue that the [*2]defendant is the only person living in the basement apartment, the defendant argues that multiple family members have access to the space. This is an issue of fact for the jury to determine. "[C]ourts should be wary not to exclude such testimony merely because, to some degree, it invades the jury's province" (People v. Lee, 96 NY2d 157, 162 [2001]).
Therefore, this Court will permit the defense to call their expert witness.
The foregoing constitutes the Decision and Order of the Court.
Dated: December 5, 2024
Kings County, New York